**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: June 15 2010**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 10-33890 |
| | ) | |
| Samantha Lynn Smith | ) | Chapter 7 |
| Michael Aaron Smith | ) | |
| | ) | |
| **Debtor(s).** | ) | **JUDGE MARY ANN WHIPPLE** |

### SHOW CAUSE HEARING ORDER

This case is before the judge upon referral from the Clerk for review. There are basic case opening problems that persist. Efforts have been made to address them through telephone contact with counsel. Some have been resolved. Others have not been resolved despite representations during telephone conversations that they would be. In some instances, telephone calls have either not been answered or messages left on voice mail phone calls from deputy clerks have not been returned or followed up with. In light of this non-responsiveness, the court will now set a hearing at which these issues will be addressed with counsel.

The primary outstanding issue is the status of filing fees. Absent IFP status, which is not applicable here, the entire filing fee must be paid with the petition or an application to pay in installments must be electronically filed at the same time as the petition. *See* Fed. R. Bankr. P. 1006(b)(1). When this case was opened, counsel failed to docket separately an application to pay in installments, instead including it in the petition and related documents, with the court unable to act on it in that fashion. Counsel then compounded the problem by zeroing out in the electronic filing system the filing fees due. As a result, the electronic filing system will now not accept any payments.

Contrary to this court's requirement that all fees be paid electronically by counsel, all further fee payments herein must now be paid manually by check. And in order to do that, a separate motion must be filed and form of order submitted to obtain such authorization. The requirement of a separate motion to pay manually by check has been communicated to counsel by messages that have neither been returned nor acted upon. And while an application to pay in installments was finally separately filed on June 13, 2010, counsel has not separately submitted any form of order into the ECF orders program for the court to act upon in connection with same. Lastly, absent IFP status, this court does not routinely permit payment of filing fees in installments where there is no money paid up front. The court's routine practice is that an initial installment of at least $65 must be paid with the petition. While that problem cannot now be addressed in this case, any further cases filed by counsel in this court should take that practice into consideration.

Another problem that has not been attended to is a missing electronic signature declaration form, which was due on or before June 10, 2010, within 7 days of filing. The Clerk has separately issued a deficiency notice raising that issue.

These problems must be corrected in order for this case to proceed. If they are not, the court will dismiss the case.

**IT IS THEREFORE ORDERED** that the court will hold a hearing at which counsel shall appear to address these issues. The hearing will be held on **June 24, 2010, at 10:30 o'clock a.m.** in Courtroom No. 2, Room 103, United States Bankruptcy Court, Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604.