**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 16 2010**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No. 10-33890 |
| | ) | |
| Michael Aaron Smith and Samantha Lynn Smith, | ) ) | Chapter 7 |
| | ) | **JUDGE MARY ANN WHIPPLE** |
| **Debtor.** | ) | |

## ORDER TO SHOW CAUSE

This matter comes before the court on the Debtor Michael Smith's **Certificate of Credit Counseling.**

This case was commenced on June 3, 2010. Although Debtors are represented by counsel in this proceeding, they manually sent to the court themselves their certificates of credit counseling, having each checked Box 2 on Exhibits D to their petition stating that they had received credit counseling within 180 days before the commencement of the case but had not yet received their certificates. Even though this is a filing that counsel is required to make on Debtors' behalf electronically, the court scanned and docketed on June 16, 2010, the paper certificates received directly from Debtors. [Doc. # 9].

Credit counseling is required by 11 U.S.C. § 109(h)(1) as a condition of eligibility for an individual to be a debtor under Title 11. The statute requires an individual debtor to participate in an approved budget and credit counseling session during the 180 day period **preceding** the commencement of an individual bankruptcy case in order to be eligible as a debtor under any Chapter of the Bankruptcy Code, and to file the certificate evidencing same. The certificate filed by Samantha Smith indicates that she participated in the required briefing on May 17, 2010, before the commencement of this case and within the statutory time period for filing eligibility. However, Michael Smith's certificate states that he did not participate in the required briefing until June 14, 2010, which is after commencement of this case and outside the statutory

eligibility period. The present record in this case does not show that Debtor Michael Smith is eligible for relief herein under Title 11 of the United States Code.

**IT IS THEREFORE ORDERED** that the court will hold a hearing at which counsel shall appear to show cause Michael Smith's case should not be dismissed because he is ineligible to be a debtor. The hearing will be held on **June 24, 2010, at 10:30 o'clock a.m.** in Courtroom No. 2, Room 103, United States Bankruptcy Court, Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604. If his case is dismissed, the full filing fee, which remains unpaid, will still be due in this case.

# CERTIFICATE OF NOTICE

```
District/off: 0647-3          User: mknei            Page 1 of 1              Date Rcvd: Jun 16, 2010
Case: 10-33890                Form ID: pdf755        Total Noticed: 2

The following entities were noticed by first class mail on Jun 18, 2010.
db           +Michael Aaron Smith,    910 Heather View,    Findlay, OH 45840-2919
db           +Samantha Lynn Smith,    901 Heather View,    Findlay, OH 45840-2918
The following entities were noticed by electronic transmission.
NONE.                                                                                    TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jun 18, 2010**          Signature:        *Joseph Speetjens*