**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 22 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-33890 |
| | ) | |
| Samantha Lynn Smith and | ) | Chapter 7 |
| Michael Aaron Smith, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

## SHOW CAUSE HEARING ORDER

This case is before the court after review of the Disclosure of Compensation of Attorney for Debtor. [Doc. #1, p.35]. The disclosure form states that Debtors have agreed to pay attorney Pamela I. Theodotou $899 for representation in this Chapter 7 case, that no funds have been paid to date and that counsel has not agreed to share compensation with any other person. Pursuant to 11 U.S.C. § 329(b), "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . the entity that made such payment."

For the following reasons, the court questions both the scope and quality of counsel's representation of Debtors in this case and whether the compensation agreed to be paid is excessive.

First, the disclosure of compensation filed in this case indicates that counsel's representation excludes representation of Debtors at the meeting of creditors. Representation at the first meeting of creditors is of primary importance and is a basic aspect of representing a client in a bankruptcy case.

Second, basic case opening issues have arisen that include (1) zeroing out in the electronic filing system the filing fees due such that the system will now not accept any payments, (2) failing to submit any

form of order into the ECF orders program for the court to act upon an application to pay the filing fee in installments, and (3) having zeroed out the fees due, failing to take steps to obtain authority for counsel to make manual payments of the fee installments by check.

Third, counsel has not filed the electronic signature declaration form that was due within seven days of filing the petition, which was filed on June 3, 2010.

Fourth, counsel has not filed the employee income records that are required to be filed within fourteen days of filing the petition.

Fifth, certificates of credit counseling were mailed directly by Debtors to the court for filing. However, a debtor represented by counsel should not be filing documents in their case. Although the judge authorized the deputy clerk to docket the certificates received directly from Debtors, it is counsel's responsibility to file these documents electronically. Even more problematic is the fact that it appears from the certificates filed, [Doc. # 9], and exhibit D filed with their petition, [Doc. # 1, p. 6], that one of the Debtors is ineligible to be a debtor under the Bankruptcy Code due to having received the credit counseling required by 11 U.S.C. § 109(h) after the date the petition was filed.

Finally, this judge was informed that a case manager in the clerk's office contacted Ms. Theodotou regarding a certificate of credit counseling sent to the court by a debtor in another case in this division to inform her that it must be filed electronically and that her response was that she would call her "accountant." Later, a person identifying himself as an accountant called the case manager and instructed her to return the certificate of credit counseling to the debtor. Ms. Theodotou's role in representing Michael and Samantha Smith and other debtors in this court is thus unclear.

Consequently, the court will hold a hearing at which Ms. Theodotou shall appear and show cause as to why any fee agreement entered into by Debtors in this case should not be cancelled as exceeding the reasonable value of her services.

**IT IS THEREFORE ORDERED** that the court will hold a hearing at which Pamela I. Theodotou must appear in person and show cause as to why any fee agreement entered into in the case should not be cancelled. The hearing will be held on **June 24, 2010, at 10:30 a.m.** in Courtroom No. 2, Room 103, United States Bankruptcy Court, Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio; and

**IT IS FURTHER ORDERED** that Pamela I. Theodotou shall produce at the hearing the fee agreement that she has entered into with Debtors and any agreements or other documents setting forth her relationship with any bankruptcy petition preparer, accountant, lawyer or law firm, or other entity in connection with her representation of Michael and Samantha Smith or other debtors in this court.

2