**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: June 25 2010**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-33890 |
| | ) | |
| Michael Aaron Smith and | ) | Chapter 7 |
| Samantha Lynn Smith, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

The court held a hearing on June 24, 2010, on the court's Order to Show Cause why any fee agreement entered into in this case should not be cancelled. [Doc. # 13]. Pamela Theodotou, counsel for Debtors, appeared in person at the hearing.

The court set the hearing on its own initiative, Fed. R. Bankr. P. 2017(b), due to the unusual number of material case opening and processing errors and omissions that have occurred. In addition, counsel's compensation disclosure statement filed under 11 U.S.C. § 329(a) and Rule 2016(b), [Doc. #1, p.35/47], contained a provision striking out representation at the meeting of creditors and Debtors were sending directly to the court documents that were counsel's obligation to file of record electronically.

The case processing errors had either been corrected by the time of the show cause hearing or will be corrected pursuant to the representations of counsel at the hearing, as set forth in a separate order of the court. Counsel represented that she now understands that she must electronically file all documents with the court instead of directing Debtors to send required documents to the court themselves. A separate evidentiary hearing on Michael Smith's eligibility to be a Debtor is being set by the court.

Counsel reported that she does not have a written fee agreement with Debtors. *But cf.* 11 U.S.C. § 528(a)(1) and (2). Nevertheless the court finds at this time based on the foregoing and on the representations made by counsel at the hearing that cause has been shown and that the compensation disclosed in the Rule 2016 statement as having been agreed to be paid to counsel by Debtors does not exceed the reasonable value of services under 11 U.S.C. § 329(b), provided, however, certain conditions are met by counsel in addition to correction of the remaining extant case processing and opening errors. The court stated and counsel acknowledged that her responsibilities to Debtors must include appearing at and representing Debtors at the meeting of creditors in addition to any required court appearances. The obligation to do so will be noted of record by an amended Rule 2016(b) disclosure of compensation that does not strike out the provision for representation of Debtors Michael and Samantha Smith at the meeting of creditors.

**THEREFORE**, good cause appearing,

**IT IS ORDERED** that an Amended Disclosure of Compensation of Attorney for Debtor be filed by **4:00 p.m. on Friday, June 25, 2010.**

# CERTIFICATE OF NOTICE

```
District/off: 0647-3          User: mknei            Page 1 of 1              Date Rcvd: Jun 25, 2010
Case: 10-33890                Form ID: pdf701        Total Noticed: 2

The following entities were noticed by first class mail on Jun 27, 2010.
db          +Michael Aaron Smith,    910 Heather View,    Findlay, OH 45840-2919
db          +Samantha Lynn Smith,    901 Heather View,    Findlay, OH 45840-2918
The following entities were noticed by electronic transmission.
NONE.                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 27, 2010                    Signature:    _Joseph Speetjens_