UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No: 10-33890 MAW |
| | ) | |
| Samantha Lynn Smith | ) | Chapter 7 |
| Michael Aaron Smith | ) | |
| | ) | |
| Debtor | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM REGARDING THE COURTS SHOW CAUSE HEARING ORDERS DATED JUNE 15, 2010 AND JUNE 21, 2010 RESPECTIVLY

  This Court filed two Show Cause Orders dated June 15, 2010 and June 21, 2010 respectively and scheduled a hearing for both matters on June 24, 2010 with respect to a petition filed on the behalf of Samantha Lynn Smith and Michael Aaron Smith filed June 3, 2010.

  Counsel Pamela Theodotou, while having been in civil practice before the state and federal courts of Ohio since 1989, is making her first appearance before this court. In being admitted and approved to file electronically, counsel commenced the above petitioner's case by gathering her clients information, having her staff work diligently in preparing her client's petition, schedules and other materials and speaking directing with her client to explain the bankruptcy process.

  Counsel, along with her staff are utilizing document preparation and filing software and in the course of the filings have discovered some difficulties with the software and how it interfaces with some court systems. Additionally staff in the office of Ms. Theodotou only became aware of these difficulties in filing these initial two cases and will refrain from filing any other cases until all such issues are resolved. Ms. Theodotou requests that the court review the following items, as set out in the Show Cause Order, as an description of the issues encountered in the filing process and how they are being resolved.

  The first issue is regarding filing fees. In the above referenced case we were requesting filing fees to be paid in installments. My case manager incorrectly zeroed out the first payment in the electronic system as the case was being filed. I was informed of this by the Court and I have filed a

Motion and proposed Order to pay filing fee via check from Theodotou & Associates with the first payment being $99, for which I have a check to facilitate that payment to the court immediately.

Our second issue was that our software attached the Application and Order to pay filing fees in installments to the original petition improperly. We resolved this by separating the Order and filing fee installments from the original petition and resubmitted a filling fee installment of $99 now, $100 in June, and $100 in August. Moving forward on all initial payments of installment fees we will be submitting a minimum of $65 as instructed by the Court.

The third issue raised in the Show Cause Order is that the Pay Advices and Certificate of Credit Counseling were not filed properly. To correct this we have submitted Pay Advices and Credit Counseling Certificate Electronically.

The fourth issue is in regard to the Completion of Certificate of Pre Bankruptcy Class. There is a question regarding Mr. Smith not completing the credit counseling class before the filing of the petition. Both clients took the class before filing; however, Mr. Smith's name was not put on the certificate. Because of this, Mr. Smith did the class a second time in order to get a certificate with his name on it. Procedurally Counsel believed this to be sufficient at the time but awaits the Courts instruction regarding this issue procedurally.

The fifth issue raised in the Show Cause Order is in regard to personal representation at the first meeting of creditors. Among the legal community it is standard practice to collect attorney fees before filing a client's chapter 7**.** Additionally, fees range from $1,200 to $2,200 for a chapter 7 case. In both instances this can be a hardship on a client who is already financially in distress. It has been Ms. Theodotou's practice to be sensitive to her clients needs and on a broader scope act as an innovator in providing quality legal services to clients in need. Counsel offers a discounted fee of $899 with no money upfront for the following services:

> 1) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> 2) Preparation and filing of any petition, schedules, statement of affairs and other local rule requirements which may be required;

3) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

4) Answer creditor's questions.

5) Attend all hearings in front of the court including fee installments and fee waiver hearings.

6) Work with client's employer in regards to wage garnishments and bank levies.

7) All additional follow-up trustee meetings.

8) We have included language in our representation suggesting that we may not attend the 341 hearings but in practice this would only be <u>with the permission of the Court in each instance,</u> and only when a case is uncontested, and creditors will not be appearing. In an effort to have legal services be affordable for clients it was our intention to see if a well managed model could be developed with certain costs being minimized. The information that the Court has pointed out in the Petition materials is simply a notice to the client that such an option may be implemented but we would only do so with permission of all the parties and the Court. Clients are always reassured that they will have attorney representation available to them. In this case Counsel has received the Notice of the Meeting of Creditors, and will be attending to represent her client in August.

The sixth issue regarding the Electronic Signature Declaration with Attorney Signature and Client Signature is being resolved and the original that has been retained in our office has been mailed into the Court and should be received shortly. Originally, counsel and client executed one original before the filing of the Petition. Upon filing and being informed by the Court that an original needed to be sent into the Court, we were also informed that we also needed to retain a copy in our office. We therefore had the client execute a second original and forward it to the Court as instructed which then reflected a later date, thus the Court's concern with the date. We have corrected our procedure and will execute three originals prior to the filing of the Petition for proper filing and retention.

Lastly concerning counsel's client relationship and operations, Theodotou & Associates is a newly formed firm and the two cases at issue are the first two cases filed in this division of the Bankruptcy Court. The firm is training its staff that includes an experienced paralegal and a case manager to assist two attorneys in two states, Ohio and California, with preparation, filing and case management in the bankruptcy field.

In conclusion, Counsel is making every effort to resolve these issues, all of which reflect and touch upon some aspect of properly executing the filing procedures with the courts electronic filing system, for which this case was one of the first several cases filed for our office. Counsel wishes to reassure the Court that issues with its software and details of filing properly that have been communicated to us by the Court have been implemented so that our procedure is updated and staff has been instructed so that these issues will not be repeated.

Respectfully submitted,

*/s/ PamTheodotou*
Pam Theodotou, Attorney for Debtor
Ohio Supreme Court #0042617
***Theodotou & Associates***
4449 Easton Way, 2nd Floor
Columbus, OH 37934

## CERTIFICATE OF SERVICE

      This is to certify that I have on this 30th day of June, 2010, served a copy of the foregoing Motion upon Trustee Douglas A Dymarkowski 5431 Main Street, Sylvania, OH 43560

      */s/ PamTheodotou*
      Pam Theodotou, Attorney for Debtor
      Ohio Supreme Court #0042617
      ***Theodotou & Associates***
      4449 Easton Way, 2nd Floor
      Columbus, OH 37934