**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 04 2010**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No. 10-33890 |
| | ) | |
| Michael Aaron Smith and Samantha Lynn Smith, | ) ) | Chapter 7 |
| | ) | **JUDGE MARY ANN WHIPPLE** |
| **Debtors.** | ) | |

## ORDER

      The court held a hearing on August 2, 2010, on its Order to Show Cause regarding Debtor Michael Smith's (only) **Certificate of Credit Counseling.** Debtors and an attorney representing them appeared in person at the hearing

      This case was commenced on June 3, 2010. Credit counseling is required by 11 U.S.C. § 109(h)(1) as a condition of eligibility for an individual to be a debtor under Title 11. The statute requires an individual debtor both to participate in an approved budget and credit counseling session during the 180 day period **preceding** the commencement of an individual bankruptcy case in order to be eligible as a debtor under any Chapter of the Bankruptcy Code, 11 U..S.C. § 109(h), and to file the certificate evidencing same, 11 U.S.C. § 521(b)(1).

      The certificate filed by Samantha Smith indicates that she participated in the required briefing on May 17, 2010, before the commencement of this case and within the statutory time period for filing eligibility. However, Michael Smith's certificate states that he did not participate in the required briefing until June 14, 2010, which is after commencement of this case and outside the statutory eligibility period. The court therefore entered on its own initiative its order to show cause, [Doc. # 22], why Debtor Michael Smith's (only) case should not be dismissed because he is an ineligible debtor.

Based on the credible testimony of Debtors at the hearing, the court finds that Debtor Michael Smith participated in the required briefing on the Internet on May 17, 2010, within 180 days before the commencement of the case and that he is eligible to be a debtor as having met the requirements of 11 U.S.C. § 109(h). Mr. Smith has not met the separate filing requirement of § 521(b), however, the court does not construe that as an eligibility requirement and does not in this specific instance find that noncompliance therewith constitutes cause for dismissal under 11 U.S.C. § 707(a).

**IT IS THEREFORE ORDERED** that, cause having been shown, Michael Smith's captioned Chapter 7 case will not be dismissed on the grounds raised in the court's Order to Show Cause entered on June 27, 2010, and that his case may continue.

# CERTIFICATE OF NOTICE

```
District/off: 0647-3          User: mknei            Page 1 of 1            Date Rcvd: Aug 04, 2010
Case: 10-33890                Form ID: pdf701        Total Noticed: 2
```

The following entities were noticed by first class mail on Aug 06, 2010.
```
db          +Michael Aaron Smith,    910 Heather View,    Findlay, OH 45840-2919
db          +Samantha Lynn Smith,    901 Heather View,    Findlay, OH 45840-2918
```

The following entities were noticed by electronic transmission.
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

 

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 06, 2010**                          Signature:        _/s/ Joseph Speetjens_